# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
William Duncan

### DEFENDANTS
GEICO Advantage Insurance Company

**(b)** County of Residence of First Listed Plaintiff: Delaware County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Spotsylvania County, VA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Simon & Simon, PC
1818 Market St., Suite 2000
Philadelphia, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*       Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- [x] 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1391(a) (1) and (2)

Brief description of cause:
Motor Vehicle Accident

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 03/12/2021

SIGNATURE OF ATTORNEY OF RECORD: *Marc Simon*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __William Duncan - 403 Keanon Dr., Ogden, PA 19061__

Address of Defendant: __Geico Advantage Insurance Company - One Geico Blvd., Fredericksburg, VA 22412__

Place of Accident, Incident or Transaction: __Intersection of Leamy Ave. & Baltimore Pike in Springfield, PA__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __03/12/2021__    _/s/ Marc Simon_    __201798__
                         Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☒ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Marc Simon__, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __03/12/2021__    _/s/ Marc Simon_    __201798__
                         Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| William Duncan | : | CIVIL ACTION |
| v. | : | |
| Geico Advantage Insurance Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 03/12/2021 | Marc Simon | William Duncan |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-467-4666 | 267-639-9006 | MarcSimon@gosimon.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| William Duncan : | |
| 403 Keanon Dr. : | |
| Ogden, PA 19061 : | #_____ |
| Plaintiff : | |
| v. : | |
| : | |
| Geico Advantage Insurance Company : | |
| One Geico Blvd. : | |
| Fredericksburg, VA 22412 : | |
| Defendants : | |

## COMPLAINT

## PARTIES

1. Plaintiff, William Duncan, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Upon information and belief, Defendant, Geico Advantage Insurance Company, is a corporate entity authorized to conduct business in the State of Virginia with a business address listed in the caption of this complaint.

3. Defendant, Geico Advantage Insurance Company, was at all times material hereto, an insurance company, duly authorized and licensed to practice its profession by the Commonwealth of Pennsylvania, and was engaged in the practice of providing insurance policies, including but not limited to motor vehicle liability policies including underinsured and uninsured motorist coverage.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and subject matter of this Civil Action-Complaint in that the Plaintiff is a citizen of Pennsylvania and the Defendant, upon information and belief is a corporate entity with its principal place of business in Virginia and

the amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2) in that this is a judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## FACTS

6. On or about September 15, 2019 at approximately 2:00 p.m., Plaintiff was the operator of a motor vehicle, which was traveling at or near the intersection of Leamy Ave. & Baltimore Pike, in Springfield, PA.

7. At the same date and time, tortfeasor, Essence A. Brown, was the operator of a motor vehicle which was traveling at or near the aforesaid intersection and/or location of the vehicle in which Plaintiff was a passenger.

8. At or about the same date and time, tortfeasor's vehicle was involved in a motor vehicle collision with the vehicle in which Plaintiff was a passenger.

9. The aforesaid motor vehicle collision was the direct result of the tortfeasor negligently and/or carelessly operating his/her vehicle in such a manner so as to rear-end the vehicle in which Plaintiff was a passenger.

10. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of the tortfeasor and not the result of any action or failure to act by the Plaintiff.

11. As a result of the accident, the Plaintiff suffered serious, severe and permanent bodily injuries as set forth more fully below.

## COUNT I
### William Duncan v. Geico Advantage Insurance Company
### Uninsured Motorists Coverage

12. Plaintiff incorporates the allegations set forth in the above paragraphs of this Complaint, as if set forth at length herein.

13. The negligence and/or carelessness of the tortfeasor, Essence A. Brown, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of the following:

   a. Rear-ending the vehicle in which Plaintiff was a passenger, cause the vehicle to rear-end the vehicle in front of it;

   b. Failing to yield the right-of-way;

   c. Operating his/her vehicle into Plaintiff's lane of travel;

   d. Failing to maintain proper distance between vehicles;

   e. Operating said vehicle in a negligent and/or careless manner without regard for the rights or safety of plaintiff or others;

   f. Failing to have said vehicle under proper and adequate control;

   g. Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

   h. Violation of the "assured clear distance ahead" rule;

   i. Failure to keep a proper lookout;

   j. Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which Plaintiff was a passenger;

   k. Being inattentive to his/her duties as an operator of a motor vehicle;

   l. Disregarding traffic lanes, patterns, and other devices;

      m.    Driving at a high rate of speed which was high and dangerous for conditions;

      n.    Failing to remain continually alert while operating said vehicle;

      o.    Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

      p.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

      r.    Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

      s.    Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to him/her;

      t.    Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger, when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision.

14.    As a direct result of the negligent conduct of the tortfeasor, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including to the neck, both shoulders, lower back and left knee, as well as pain from the right buttock down to the ankle, all to Plaintiff's great loss and detriment.

15.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may

in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

16. As an additional result of the carelessness and negligence of the tortfeasor Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

17. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

18. Upon information and belief, the aforesaid tortfeasor was operating a vehicle which was not covered by any policy of insurance to provide coverage for Plaintiff's injuries.

19. If it is found that the averment set forth in the immediately preceding paragraph of Plaintiff's Complaint is true, then Plaintiff asserts an Uninsured Motorist Claim against Defendant.

20. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance, under Policy Number 4540-31-94-09 which included uninsured motorist coverage.

21. The aforesaid policy of insurance issued by Defendant, provides for uninsured motorist coverage applicable to Plaintiff as a result of the aforesaid motor vehicle collision to the above named Plaintiff.

22. Accordingly, if the averments set forth above are found to be true, Plaintiff hereby asserts a claim against Defendant, for uninsured motorist benefits arising out of the above-stated automobile collision.

WHEREFORE, Plaintiff, William Duncan, demands judgment in Plaintiff's favor and against Defendant, Geico Advantage Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

## COUNT II
### William Duncan v Geico Advantage Insurance Company
### Underinsured Motorists Coverage
### (IN THE ALTERNATIVE)

23. Plaintiff incorporates the foregoing paragraphs of this Complaint as if set forth fully at length herein.

24. The negligence, carelessness of the tortfeasor, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but are not limited to, the following:

    b. Rear-ending the vehicle in which Plaintiff was a passenger, cause the vehicle to rear-end the vehicle in front of it;

    c. Operating his/her vehicle into Plaintiff's lane of travel;

    d. Failing to maintain proper distance between vehicles;

    e. Operating his/her vehicle in a negligent and/or careless manner so as to rear-end the vehicle in which Plaintiff was a passenger, without regard for the rights or safety of Plaintiff or others;

    f. Failing to have his/her vehicle under proper and adequate control;

    g. Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

    h. Violation of the "assured clear distance ahead" rule;

    i. Failure to keep a proper lookout;

j.  Failure to apply brakes earlier to stop the vehicle without rear-ending the vehicle in which Plaintiff was a passenger;

k.  Being inattentive to his/her duties as an operator of a motor vehicle;

l.  Disregarding traffic lanes, patterns, and other devices;

m.  Driving at a dangerously high rate of speed for conditions;

n.  Failing to remain continually alert while operating said vehicle;

o.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

p.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

q.  Failing to exercise ordinary care to avoid a rear-end collision;

r.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

s.  Operating said vehicle with disregard for the rights of Plaintiff, even though he/she was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

t.  Continuing to operate the vehicle in a direction towards the vehicle in which Plaintiff was a passenger, when he/she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

u.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles;

25. As a direct and consequential result of the negligent, careless conduct of the tortfeasor, described above, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions including to the neck, both shoulders, lower back and left knee, as well as pain from the right buttock down to the ankle, all to Plaintiff's great loss and detriment.

26. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

27. As an additional result of the carelessness, negligence of defendants, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

28. As a further result of the aforesaid injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

29. Upon information and belief, at the time of the aforementioned motor vehicle collision, the aforesaid tortfeasor's motor vehicle insurance policy and/or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the above set forth motor vehicle collision and/or other damages and expenses related thereto.

30. At the date and time of the aforementioned motor vehicle collision, Plaintiff, was the owner and operator of a motor vehicle was covered by a policy of insurance issued by Defendant, under Policy Number 4540-31-94-09, which included coverage for underinsured motorist coverage applicable to Plaintiff.

31. Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

WHEREFORE, Plaintiff, William Duncan, demands judgment in Plaintiff's favor and against defendant, Geico Advantage Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc I. Simon, Esquire

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief.  I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

*William Duncan*

_____